Military pay; suggestion award program; extension to military personnel by 10 U.S.C. § 1124; sufficiency of award; evaluation of tangible and intangible benefits; discretion in determining amount of award; failure to follow published regulations in method of evaluating intangible benefits derived from separate suggestions. — Plaintiff, while on active military duty with the U.S. Army, received a cash award for a suggestion made pursuant to the provisions of 10 U.S.C. § 1124. Plaintiff contends that the award he received is insufficient, that the Army has abused its discretion in determining the amount of the award, and that the Army has not followed its own prescribed regulations. Plaintiffs suggestion offered changes in the criteria used in Army regulations for determination of order and shipping time. In an effort to ascertain the tangible benefits flowing from the suggestion, the Army sent a message to its major field commands describing in detail the proposed changes, and requesting estimates of resultant, first-year savings. Plaintiff challenged the method used to determine savings to be realized from his suggestion, insisting instead on the use of a computer evaluation. Plaintiff also challenges the determination of the actual amount awarded for intangible benefits. On September 30, 1980 Trial Judge Louis Spector filed a recommended opinion concluding that *526 the method used by the Army to ascertain the tangible benefits to be realized from plaintiffs suggestion was reasonable and did not constitute an abuse of discretion. However, by not complying with its own regulations with regard to the calculation of intangible benefits (i.e., by not basing the award on the sum of the intangible benefits evaluated for each proposal constituting the suggestion rather , than a category picked arbitrarily as an average of those figures) the Army abused its discretion. On December 12, 1980 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case. It is concluded that plaintiff is entitled to a total award of $7025, representing $1225 for tangible benefits and $5800 for intangible benefits. Since .plaintiff has already received $3100 of this amount, judgment is entered in the net amount of $3925.